# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE EBERHARD, | CIVIL ACTION NO. 1:18-CV-536 |
| Plaintiff | (Chief Judge Conner) |
| v. | |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | |
| Defendant | |

## MEMORANDUM

Plaintiff Jamie Eberhard ("Eberhard") filed the instant action against defendant United of Omaha Life Insurance Company ("United"), alleging a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*[1] United filed an amended answer asserting two counterclaims against Eberhard. United now moves for judgment on the pleadings as to both of its counterclaims. (Doc. 26). We will grant in part and deny in part United's motion.

## I. Factual Background & Procedural History

In March 2013, Eberhard was attacked by a neighbor's dog and suffered serious left-leg injuries as well as mental-health repercussions, including post-traumatic stress disorder, anxiety, and depression. (Doc. 1 ¶ 4; Doc. 21 at 3 ¶ 5). Eberhard was employed by Cardio, DX as a "Territory Manager" at the time but had been receiving short-term disability benefits since December 2012. (Doc. 1 ¶¶ 3,

---

[1] We liberally construe Eberhard's 11-paragraph complaint to assert an ERISA claim because the attached civil cover sheet describes the cause as "denied claim for Long Term Disability Benefits under ERISA," and because the "nature of the suit" section is marked as an ERISA claim. (See Doc. 1-1).

5; Doc. 21 at 2-3 ¶¶ 1, 5). Following the dog attack, Eberhard applied for, and received, long-term disability insurance benefits under a policy issued by United in connection with Eberhard's employment. (Doc. 1 ¶ 6; Doc. 21 at 2-3 ¶¶ 2, 6, 7). Beginning in July 2013, United paid long-term disability benefits to Eberhard in the amount of $5,100.26 per month without reduction for receipt of any other income benefits. (Doc. 21 at 3 ¶¶ 7-8; Doc. 25 at 2 ¶¶ 7-8).

United discontinued Eberhard's long-term disability insurance benefits as of June 22, 2015. (Doc. 1 ¶ 6; Doc. 21 at 1 ¶ 6; Doc. 21 at 65-75, 77). United explained that, according to its review of Eberhard's medical treatment and records, Eberhard had substantially recovered from the physical aspects of the dog attack and his "primary disabling condition[s]" were mental in nature. (Doc. 21 at 65-71). United asserted that mental-health disorders had a 24-month benefit limit under the policy and that those benefits exhausted on June 22, 2015. (Id.) Eberhard challenged this determination, but United denied his appeal. (See id. at 72-75; Doc. 1 ¶ 10). It appears, however, that United continued to pay long-term disability benefits during the appeal process and up to at least July 2018. (See Doc. 21 at 5 ¶ 12; Doc. 21 at 65, 77; Doc. 25 at 2 ¶ 12).

Around December 2017, Eberhard was granted Social Security Disability Insurance ("SSDI") benefits for himself and his dependents in the amount of $3,480 per month. (Doc. 1 ¶ 7; Doc. 21 at 4 ¶ 11; Doc. 25 at 2 ¶ 11). The SSDI award included back pay with an effective start date of September 1, 2013. (Doc. 21 at 4 ¶ 11; Doc. 25 at 2 ¶ 11).

Eberhard filed the instant action in March 2018 following United's denial of his appeal. Eberhard alleges that his physical impairments continue to affect his ability to work and that United's denial of continuing long-term disability coverage contradicts the terms of the insurance policy. Eberhard appears to assert that United's denial of continued coverage violates ERISA. See *supra* note 1; (see generally Doc. 1).

United filed an amended answer denying Eberhard's ERISA claim and asserting two counterclaims. In its first counterclaim seeking declaratory relief, United contends that, due to Eberhard's receipt of SSDI payments (which qualify as "other income benefits"), it has overpaid Eberhard approximately $201,000 in long-term disability benefits over the course of five years. This overpayment, United argues, must be repaid by Eberhard under the terms of the insurance policy as well as a separate "Group Disability Benefits Reimbursement Agreement" ("Reimbursement Agreement") that Eberhard executed in April 2013. In its second counterclaim, United asserts that, because of Eberhard's failure to reimburse United for the overpayment, United is entitled to relief in the form of an equitable lien by agreement under 29 U.S.C. § 1132(a)(3). Eberhard answered United's counterclaims, conceding that he was overpaid by United due to his receipt of SSDI benefits but disputing the amount of the alleged overpayment.

United now moves for judgment on the pleadings as to its counterclaims. The motion is fully briefed and ripe for disposition.

## II. Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A motion for judgment on the pleadings is the procedural hybrid of a motion to dismiss and a motion for summary judgment. Westport Ins. Corp. v. Black, Davis & Shue Agency, Inc., 513 F. Supp. 2d 157, 162 (M.D. Pa. 2007). To succeed on a motion under Rule 12(c), the movant must clearly establish that no material issue of fact remains to be resolved and that "he is entitled to judgment as a matter of law." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005); see 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2015). In considering a Rule 12(c) motion, the court must accept the allegations in the nonmovant's pleadings as true and draw all reasonable inferences in that party's favor. Zimmerman v. Corbett, 873 F.3d 414, 417 (3d Cir. 2017).

## III. Discussion

There is little in dispute concerning United's counterclaims. Eberhard admits the following: he began receiving SSDI benefits effective September 1, 2013; such payments constitute "other income benefits" under the long-term disability insurance policy and Reimbursement Agreement and therefore reduce the amount of disability benefits United must pay under the policy; United paid full benefits without reduction for other income; pursuant to the relevant agreements, United is entitled to reimbursement for any overpaid benefits; and United is entitled to enforcement of the contracts and declaratory judgment regarding its right to

4

reimbursement for any overpayment made to Eberhard. (Doc. 25 at 2-3 ¶¶ 8, 11, 15-19). Eberhard further admits that United is entitled to an equitable lien by agreement under 29 U.S.C. § 1132(a)(3) for the actual amount of overpaid benefits. (Doc. 25 at 3 ¶¶ 21-26).

The sole contested issue is the amount that Eberhard must repay to United due to the contemporaneous receipt of SSDI payments. We are puzzled by United's claim that it is entitled to judgment on the pleadings on its declaratory judgment counterclaim in the amount of overpayment it has proffered—$201,902.56. (See Doc. 27 at 1, 5). First, that exact figure does not appear in United's pleadings, instead materializing only in its briefing. More importantly, in Eberhard's answer to United's counterclaims, he repeatedly denies the overpayment amount claimed by United. (See Doc. 25 at 2-3 ¶¶ 4, 12, 13, 24). Eberhard specifically avers that the "amount of the overpayment continues to be at issue." (Id. ¶¶ 4, 24).

Judgment on the pleadings is appropriate only when the movant has plainly established that no material issue of fact remains and the movant "is entitled to judgment as a matter of law." Sikirica, 416 F.3d at 220. Judgment on the pleadings is clearly warranted as to United's declaratory action insofar as United is entitled to reimbursement for overpayment of long-term disability benefits due to Eberhard's simultaneous receipt of SSDI benefits. Eberhard admits as much. It is likewise clear that United is entitled to an equitable lien by agreement for the overpayment amount under Section 1132(a)(3); Eberhard concedes this claim as well. See also Funk v. CIGNA Grp. Ins., 648 F.3d 182, 194-95 (3d Cir. 2011), abrogated on other grounds, Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan, 577

5

U.S. __, 136 S. Ct. 651 (2016); U.S. Renal Care, Inc. v. Wellspan Health, 709 F. App'x 160, 161 (3d Cir. 2018) (nonprecedential).  What remains unclear and disputed, and thus inappropriate for judgment on the pleadings, is exactly *how much* Eberhard was overpaid and concomitantly must reimburse United as required by the relevant contracts.[2]

**IV.     Conclusion**

We will grant in part and deny in part United's motion (Doc. 26) for judgment on the pleadings as more fully set forth above.  An appropriate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     June 17, 2019

---

[2] We decline United's request for an evidentiary hearing to determine the amount of overpayment that must be repaid by Eberhard.  We fail to see how the parties cannot amicably resolve this issue through simple mathematics (long-term disability benefits paid minus "other income benefits" received), drawing relevant figures from the parties' own files, certified bank statements, and Social Security Administration records.  This matter shall be referred to a United States Magistrate Judge for a settlement conference.